Tyrone L. **GARNER,** Plaintiff–Appellant,

v.

Robert **ASHCRAFT;** et al., Defendants–Appellees.

No. 06–15620.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 19, 2007.

Tyrone L. Garner, Lovelock, NV, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kelly S. Werth, Office of the Nevada Attorney General, Carson City, NV, Andrea Nichols, Office of the Nevada Attorney General, Reno, NV, for Defendants–Appellees.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Tyrone L. Garner, a Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging prison officials denied him access to the courts by mishandling his legal mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment for defendants Ashcraft and Neven because Garner failed to raise a genuine issue of material fact as to whether either Ashcraft or Neven personally participated in the mishandling of Garner's legal mail. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (liability under section 1983 arises only upon a showing of personal participation by the defendant in the alleged constitutional deprivation).

The district court properly granted summary judgment for defendants Perkins and Lightsey because Garner failed to raise a genuine issue of material fact as to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

whether Perkins or Lightsey acted with anything other than negligence. *See Stevenson v. Koskey,* 877 F.2d 1435, 1441 (9th Cir.1989) (mere negligence does not sustain a due process claim under section 1983).

Garner's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.